**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | Case No. 2:18-md-2846<br><br>JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Kimberly A. Jolson |
| This document relates to:<br>*Beckett v. CR Bard et al.*,<br>Case No. 2:19-cv-1266 | |

### OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS (ECF No. 10) AND PLAINTIFF'S MOTION FOR AN EXTENSION (ECF No. 11)

Defendants Davol, Inc. and C.R. Bard, Inc. filed this motion to dismiss arguing that Plaintiff Jamie Beckett had failed to file a timely motion to substitute a proper party under Federal Rule of Civil Procedure 25 after Beckett's death. (ECF No. 10 at PageID #39.) In response, Plaintiff sought an extension of time to file a motion to substitute. (ECF No. 11.) In the alternative, Plaintiff's Counsel asks the Court to dismiss the case without prejudice. (*Id.* at PageID #46.)

On April 5, 2019, Plaintiff filed a compliant in this multidistrict litigation ("MDL"). (ECF No. 1.) On August 21, 2019, Plaintiff's Counsel filed a notice of death. (ECF No. 4.) Defendants moved to compel Plaintiff's delinquent Plaintiff Profile Form as set forth by Case Management Order No. 8, which the Court granted in part and denied in part. (ECF No. 8 at PageID #34–35.) Specifically, the Court ordered the Plaintiff to file a proper suggestion of death within twenty-one days of the Court's order, to otherwise comply with Rule 25, and to provide a complaint Plaintiff Profile Form within 14 days of the Court's order substituting the proper party. (*Id.*) This order was signed on November 19, 2019 and docketed on November

1

21, 2019. (*Id.* at PageID #35.) Thus, Plaintiff should have filed the suggestion of death on or before December 10, 2019. Plaintiff filed an untimely suggestion of death on December 12, 2019.[1] (ECF No. 9.) But Plaintiff took no further action; he did not file a motion to substitute a proper party pursuant to Rule 25.

On July 8, 2020, Defendants filed a motion to dismiss on this basis, arguing that more than ninety days had elapsed since the filing of the second suggestion of death and Plaintiff had still not filed a motion to substitute a proper party. (ECF No. 10 at PageID #39–40.) Defendants argue that the Court should dismiss the case with prejudice. (*Id.* at PageID #40.) In response, Plaintiff filed a motion seeking an extension of time to substitute a party until August 31, 2020. (ECF No. 11.) Plaintiff's Counsel seeks an extension because Counsel has been unable to successfully communicate with Plaintiff's heirs and beneficiaries to determine who should be the substituted party. (ECF No. 11 at PageID #44–45.) In the alternative, Plaintiff's Counsel asks that the case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) so that the future appointee of Plaintiff's estate can refile the suit. (*Id.* at PageID #46.) Plaintiff's response to Defendants' motion to dismiss says the same. (ECF No. 12.)

In their Reply, Defendants argue that this is one instance of many demonstrating a lack of timeliness. For example, Plaintiff's response was filed a day late. (ECF No. 12 at PageID #53.) Defendants also explained that the parties had tried to reach a resolution. (*Id.* at PageID #54.) Defendants noted that at the time, they were willing to dismiss the case without prejudice, but the new plaintiff must file in the MDL and the statute of limitations would not be tolled. (*Id.*)

---

[1] If Plaintiff counted the date of the Order as November 21, 2019, the suggestion of death was timely.

2

Federal Rule of Civil Procedure 25 provides that a motion for a substitution of a party must filed within 90 days of the notice of death. Fed. R. Civ. Pro. 25(a)(1). "If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." However, Federal Rule of Civil Procedure 6 provides for extensions of time under certain circumstances. A "court may, for cause, extend the time," as here, "on a motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1).[2] Courts weigh five factors to determine if excusable neglect exists: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006). District court decisions extending or declining to extend time are reviewed for an abuse of discretion. *Id.*

Federal Rule of Civil Procedure 41 permits a Plaintiff to ask a court to voluntarily dismiss his case after an answer has been served. Fed. R. Civ. P. 41(a)(2). Dismissals under Rule 41(a)(2) are without prejudice, unless otherwise stated by the court, and the terms of the dismissal are those which "the court considers proper." *Id.* These decisions are also reviewed for an abuse of discretion. *Wellfount, Corp. v. Hennis Care Centre of Bolivar, Inc.*, 951 F.3d 769, 774 (6th Cir. 2020).

As a general matter, the Court is inclined to grant Plaintiff an extension because the five-factor analysis weighs in favor of an extension. First, an extension of time does not

---

[2] Defendants point to one unpublished case from this district concluding that Rule 6(b) does not apply to motions to substitute under Rule 25. (ECF No. 13 at PageID #54.) This unbinding precedent is unpersuasive. Rule 6(b)(2) lays out the exceptions to the Rule, and Rule 25 is not one of those exceptions. Fed. R. Civ. Pro. 6(b)(2). Thus, the Court sees no barrier to relying on Rule 6(b) to extend time for Rule 25 motions generally.

prejudice Defendants, who are part of an MDL with more than ten thousand cases awaiting the outcome of several bellwether trials, the first of which is scheduled for the earliest in August.  Nor do Defendants claim any prejudice.  Second, though Plaintiff does not indicate the length of the delay, a delay is unlikely to impact the timing of these proceeds due to the status of this MDL.  Third, Plaintiff points out a significant reason for the delay—the death of a party and the inability to confirm the representative of her estate.  Fourth, this is beyond the control of the moving party, Plaintiff or Plaintiff's Counsel, because the appointment of an estate representative is a separate proceeding.  Finally, there is no indication that the Plaintiff acted in bad faith.  Defendants offer no rebuttal to these factors, besides expressing an understandable frustration with Plaintiff's continued inability to satisfy deadlines.

At this time, if the Court takes any action other than dismissing the case, Plaintiff has received more than the extension of time that Plaintiff's Counsel asked for.  With this in mind, the Court orders that on or before **March 5, 2021**, Plaintiff's Counsel shall provide the Court with either a motion to substitute, in the event that the representative of Plaintiff's estate has been appointed, *or* a renewed request to permit Plaintiff to voluntarily dismiss the case under Rule 41(a)(2) that apprises the Court of the status of Plaintiff's estate.

For these reasons, Defendants' motion to dismiss (ECF No. 10) is **DENIED** and Plaintiff's motion for an extension of time (ECF No. 11) is **DENIED AS MOOT**.

    **IT IS SO ORDERED.**


**3/3/2021**　　　　　　　　　　　　　　　　s/Edmund A. Sargus, Jr.
**DATE**　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**